[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12122

Non-Argument Calendar

_____

MICHAEL RAY ALFORD,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:19-cv-00488-RH-MAL

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Michael Alford, proceeding *pro se*, appeals the district court's order dismissing Alford's May 28, 2024 "request for up-date or compel court to rule on motion" (May 2024 motion) for lack of subject-matter jurisdiction. Because the relief Alford seeks in the present case has been granted by this Court in its remand of Alford's § 2255 motion appeal, the present case is moot.

Alford's May 2024 motion referred back to Alford's § 2255 motion. Alford contended a new trial was warranted because the court failed to properly instruct the jury on a double jeopardy violation. Alford noted the claim was argued in the § 2255 motion and contended it was not properly addressed by the district court or this Court.

The district court denied the May 2024 motion for lack of subject matter jurisdiction because it was a second or successive § 2255 motion to vacate filed without this Court's authorization. The court added the motion "whether deemed a 60(b) motion or a successive § 2255 motion or something else—alleges no basis for relief on the merits." Alford timely appealed the district court's denial of the May 2024 motion.

On March 3, 2025, this Court vacated the district court's § 2255 judgment and remanded the case to the district court because the court erred in construing Grounds Eight and Nine of Alford's § 2255 motion to vacate as ineffective assistance of appellate

counsel claims and violated *Clisby v. Jones,* 960 F.2d 925 (11th Cir. 1992) (*en banc*) by not considering Grounds Eight and Nine as the constitutional claims they were. *Alford v. United States*, No. 22-14318, 2025 WL 670913 at *1 (11th Cir. Mar. 3, 2025) (unpublished).

Alford's appeal of the denial of the May 2024 motion became moot on March 3, 2025, when this Court vacated and remanded the district court's judgment denying the § 2255 motion. *See Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1220 (11th Cir. 2016) (stating we "consider issues of mootness *sua sponte* and . . . dismiss any appeal that no longer presents a viable case or controversy" (quotation marks omitted)). The present case is an appeal of the district court's denial of Alford's motion which argued the court committed a *Clisby* error for failing to address double jeopardy arguments in Alford's § 2255 motion. After Alford's appeal of the denial of the May 2024 motion, we vacated the district court's judgment denying Alford's § 2255 motion, determining the district court violated *Clisby*. *Alford*, 2025 WL 670913 at *1. Accordingly, the relief Alford seeks in the present case, that the district court consider all § 2255 claims presented, has been granted by this Court in the remand of Alford's § 2255 appeal. Therefore, the present case is moot. *See United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228 (11th Cir. 2015). ("An appeal is moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." (quotation marks omitted)). We dismiss Alford's present case.

**DISMISSED.**